IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| R. ANTHONY COOK, | ) | CASE NO. 4:12-CV-362 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| JAMES H. SMITH, IND., SPIKE, | ) | |
| INDUSTRIES, INC., KEWEENAW | ) | |
| INDUSTRIES, L.L.C., AND JOHN | ) | |
| AND JANE DOES 1…99 | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |

This matter is before the Court on the Motion for a More Definite Statement filed by Defendants James H. Smith, Spike Industries, Inc., and Keweenaw Industries, LLC.[1]  Doc. 18.  Defendants argue that Plaintiff failed to comply with Federal Rule of Civil Procedure 9(b) in that the complaint alleges fraud in Count II and mail fraud and wire fraud in Count IV without stating with particularity the circumstances constituting the alleged fraud.  For the following reasons, the Court GRANTS Defendants' Motion for More Definite Statement.

**I.  Legal Standards**

The Federal Rules of Civil Procedure provide that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  In ruling on motions for more definite statement, courts exercise discretion and consider "the minimal duty imposed… by the federal pleading rules and the possibility that [the defendant] might be prejudiced by attempting to answer the pleading in its existing form."  *Parus v. Cator*, No. 05–C–0063–C, 2005 WL 1458770, at *3 (W.D. Wis. Sept. 14, 2005).

---

[1] It should be noted that Plaintiff did not file an opposition to Defendants' Motion for a More Definite Statement.  *See* Docket.

1

The sufficiency of a complaint generally is governed by Rule 8, which states, in part, "[a] pleading… must contain… a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In addition, in cases such as this one where fraud is alleged, Rule 9(b) provides heightened pleading requirements.  When pleading fraud, a plaintiff must allege (1) "the time, place, and content of the alleged misrepresentation," (2) "the fraudulent scheme," (3) the defendant's fraudulent intent, and (4) the resulting injury.  *United States ex rel. Bledsoe v. Community Health Sys.*, 501 F.3d 493, 504 (6th Cir. 2007).  Similarly, when pleading mail or wire fraud, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998)).

## II.  Analysis

Count II of Plaintiff's complaint alleges fraud and misrepresentation.  Applying the standard as set forth above in *Bledsoe*, the complaint, though it meets some of the requirements for alleging fraud, fails to meet the first element regarding the time, place, and content of the alleged misrepresentation.  Paragraph 8 of the Complaint states that, "[o]n or about August 24, 2009," Plaintiff and Defendant Cook, as an agent of Spike Industries, "entered into a verbal agreement in which Plaintiff Cook agreed to provide $200,000.00 to Defendant Smith and Spike Industries as an investment to 'restart' Spike Industries.  In return for his investment, Plaintiff Cook was to receive 20% of the stock in Spike Industries."  Doc. 1, ¶ 8.  Plaintiff then alleges that "Defendant Smith, as an agent for Spike Industries, fraudulently induced Plaintiff Cook to enter into the agreement in which [Defendant] Smith never intended to perform."  Doc. 1, ¶ 8.

Plaintiff further alleges that "Defendant Smith made knowing misrepresentations as to the nature of his investment to Plaintiff Cook with the intention of inducing Plaintiff Cook to provide him with $200,000.00.  Plaintiff Cook relied upon the misrepresentations to his detriment."  Doc. 1, ¶ 23.  However, Plaintiff has failed to plead the specific misrepresentation(s) made by Defendant Smith to induce Plaintiff to enter into the agreement, or the time(s) at which and location(s) where the alleged misrepresentations were made.  The allegation that Defendant Smith failed to actually transfer 20% of the stock in Spike Industries to Plaintiff forms the basis of Plaintiff's breach of contract claim, not his fraud claims.  Thus, Plaintiff's complaint, which his silent on the actual content and circumstances of the fraudulent misrepresentations allegedly made by Defendants, is deficient under Rule 9(b).  *Smith v. Litton Loan Servicing, L.P.*, 1:11-CV-1705, 2011 WL 4696177, at *3 (N.D. Ohio Oct. 5, 2011); *Bledsoe*, 501 F.3d at 504.

     Count IV of Plaintiff's complaint alleges mail fraud and wire fraud and incorporates the statements above concerning the formation of the verbal agreement.  Again, under the standard set forth above in *Frank*, the complaint fails to specify the contents of the alleged misrepresentations or the time(s) at which and location(s) where the alleged misrepresentations were made.  Thus, the complaint is also deficient as it pertains to Plaintiff's mail and wire fraud claims.  *Frank*, 547 F.3d at 570.

     Without greater particularity as to the content or circumstances surrounding the alleged misrepresentations, Defendants will be forced to speculate in responding to the allegations of the complaint.  Defendants are therefore entitled to a more definite statement before preparing their Answer.  "Rule 9(b) does not require omniscience; rather, the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 680 (6th Cir.

1988).  Here, the complaint fails to comply with Rule 9(b) and thus fails to provide Defendants with sufficient notice as to the nature of Plaintiff's fraud and mail/wire fraud claims. Accordingly, Defendants' Motion is GRANTED.

### III.  Conclusion

For the foregoing reasons, Defendants' Motion for a More Definite Statement is GRANTED.  Doc. 18.  Plaintiff is ORDERED to file an amended complaint within 14 days detailing the content of the alleged misrepresentations made by Defendants, the time(s) at which the alleged misrepresentations were made, and the location(s) where the alleged misrepresentations were made.

IT IS SO ORDERED

Dated: October 9, 2012

Kathleen B. Burke
United States Magistrate Judge

4